IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| | § | |
| VS. | § | |
| | § | |
| ISMAEL LOZANO, GERALD MANTHEY | § | CIVIL ACTION: B-03-094 |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | |
| SANDOVAL, ERIC SOLIS AND DUAINE | § | |
| WOHLERS | § | |

## ORIGINAL ANSWER AND GENERAL DENIAL

Comes Now the Defendant **KLAUS MEYER** (hereinafter "Defendant") by and through his undersigned counsel, and as and for his Answer to the plaintiff DIRECTV, Inc.'s (hereinafter "Plaintiff") Complaint states as follows:

### I. PRELIMINARY STATEMENT

1.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of the Complaint.

### I. FACTS REGARDING DIRECTV'S BUSINESS OPERATIONS & SUPPORTING SATELLITE PIRACY CLAIMS

2.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint.

3.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint.

4.  Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of the Complaint.

5.   Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint.

6.   Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint, and therefore denies the same.

7.   Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint, and therefore denied the same. Defendant specifically denies that he purchased illegally Modified DIRECTV access cards and/or other devices for viewing DIRECTV programming with authorization ("Private Access Devices").

8.   Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint, and therefore denied the same. Defendant specifically denies that he purchased illegally Modified DIRECTV access cards and/or other devices for viewing DIRECTV programming with authorization ("Private Access Devices").

### III. JURISDICTION

9.   Defendant repeats and re-alleges his responses in Paragraphs 1 through 8, inclusive, as if set forth fully herein in response to Paragraph 9 of this Complaint.

10.   Denied. Defendant denies the averments contained in Paragraph 10 of the Complaint.

11.   Denied. Defendant denies the averments contained in Paragraph 11 of the Complaint.

## IV. VENUE

12.  Admit that venue is proper in this the United States District Court for the Southern District of Texas under 28 U.S.C. §1391(b). Defendant denies the averments that Defendant performed such acts in or outside of Southern District of Texas.

## IV. PARTIES

13.  Denied. Defendant denies the averments contained in Paragraph 13 of the Complaint.

14.  Denied. Defendant denies the averments contained in Paragraph 14 of the Complaint.

16.  Denied. Defendant denies the averments contained in Paragraph 15 of the Complaint.

17.  Denied. Defendant denies the averments contained in paragraph 17 of the complaint.

18.  Denied. Defendant denies the averments contained in paragraph 18 of the complaint.

19.  Denied. Defendant denies the averments contained in paragraph 19 of the complaint.

20.  Denied. Defendant denies the averments contained in paragraph 20 of the complaint.

21.  Denied. Defendant denies the averments contained in paragraph 21 of the complaint.

22.  Denied. Defendant denies the averments contained in paragraph 22 of the complaint.

23. Denied. Defendant denies the averments contained in paragraph 23 of the complaint.

24. Denied. Defendant denies the averments contained in paragraph 24 of the complaint.

25. Denied. Defendant denies the averments contained in paragraph 25 of the complaint.

26. Denied. Defendant denies the averments contained in paragraph 26 of the complaint.

27. Denied. Defendant denies the averments contained in paragraph 27 of the complaint.

28. Denied. Defendant denies the averments contained in paragraph 28 of the complaint

## VII. CAUSES OF ACTION

### Count 1 – Damages for Violations of Cable Communications Policy Act. (47 U.S.C. §605(e)(3)(C)

29. Defendant repeats and re-alleges his responses in Paragraphs 1 through 28, inclusive, as if set forth fully herein in response to this Complaint.

29. Denied. Defendant denies the averments contained in paragraph 29 of the complaint.

30. Denied. Defendant denies the averments contained in paragraph 30 of the complaint.

31. Denied. Defendant denies the averments contained in paragraph 31 of the complaint.

32. Denied. Defendant denies the averments contained in paragraph 32 of the complaint.

33. Denied. Defendant denies the averments contained in paragraph 33 of the complaint.

34. Denied. Defendant denies the averments contained in paragraph 34 of the complaint.

### Count 2 – Damages for Violations of 18 U.S.C. § 2511

35. Defendant repeats and re-alleges his responses in Paragraphs 1 through 34, inclusive, as if set forth fully herein in response to this Complaint.

36. Denied. Defendant denies the averments contained in paragraph 36 of the complaint.

37. Denied. Defendant denies the averments contained in paragraph 37 of the complaint.

38. Denied. Defendant denies the averments contained in paragraph 38 of the complaint.

### Count 3 – Damages for Possession, Manufacture, and/or Assembly of Electronic, Mechanical or Other Device or Equipment (18 U.S.C. §2512)

39. Defendant repeats and re-alleges his responses in Paragraphs 1 through 38, inclusive, as if set forth fully herein in response to this Complaint.

40. Denied. Defendant denies the averments contained in paragraph 40 of the complaint.

41.     Denied. Defendant denies the averments contained in paragraph 41 of the complaint.

42.     Denied. Defendant denies the averments contained in paragraph 42 of the complaint.

### Count 4 – Damages for Willful Assembly or Modification of Devices or Equipment
### (41 U.S.C. § 605(e)(4))

43.     Defendant repeats and re-alleges his responses in Paragraphs 1 through 42, inclusive, as if set forth fully herein in response to this Complaint.

44.     Denied. Defendant denies the averments contained in paragraph 44 of the complaint.

45.     Denied. Defendant denies the averments contained in paragraph 45 of the complaint.

46.     Denied. Defendant denies the averments contained in paragraph 46 of the complaint.

### Count 5 – Civil Conversion

47.     Defendant repeats and re-alleges his responses in Paragraphs 1 through 46, inclusive, as if set forth fully herein in response to this Complaint.

48.     Denied. Defendant denies the averments contained in paragraph 48 of the complaint.

49.     Denied. Defendant denies the averments contained in paragraph 49 of the complaint.

50.     Denied. Defendant denies the averments contained in paragraph 50 of the complaint.

## Count 6 – Interception of Communication
### (Tex. Civ. Prac. & Rem. Code §123.001, *et seq.*)

51.    Defendant repeats and re-alleges his responses in Paragraphs 1 through 50, inclusive, as if set forth fully herein in response to this Complaint.

52.    Defendant cannot admit or deny Paragraph 52 as they are facts or allegations out of his control and will be later set forth in discovery.

53.    Denied. Defendant denies the averments contained in paragraph 53 of the complaint.

## VIII.   REQUEST FOR INJUNCTIVE RELIEF

54.    Defendant repeats and re-alleges his responses in Paragraphs 1 through 53, inclusive, as if set forth fully herein in response to this Complaint.

55.    Denied. Defendant denies the averments contained in paragraph 55 of the complaint.

56.    Denied. Defendant denies the averments contained in paragraph 56 of the complaint.

57.    Denied. Defendant denies the averments contained in paragraph 57 of the complaint.

58.    Denied. Defendant denies the averments contained in paragraph 58 of the complaint.

WHEREFORE, Defendant denies that he is liable to the Plaintiff and prays this Court will enter a judgment in his favor and against plaintiff herein, that he be awarded further his costs and attorneys fees expended herein, and that the Court award such additional relief as it may deem just and equitable.

## GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations within Plaintiff's Original Complaint and, without waiving its right to file other and further pleadings, motions, and discovery, demands that be held to the most strict requirements of proof and that Defendant be released with costs to be assessed against the Plaintiff and for such other and further relief, whether at law or in equity, to which this Defendant may show himself to be justly entitled.

## JURY DEMAND

Defendant hereby requests a jury trial.

Respectfully Submitted,

_____
Hon. Ricardo M. Adobbati
Fed. I.D. #18158
State Bar No. 00790208

134 E. Price Road
Brownsville, Texas 78521
(956) 544-6882 Phone
(956) 544-6883 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on this __18__ day of June, 2003, I caused a copy of the foregoing Memorandum in Support of Motion to Dismiss to be placed in the U.S. Postal Service via First Class Mail, postage prepaid to Hon. Lecia L. Chaney, Rodriguez, Colvin & Chaney, 1201 East Van Buren, P. O. Box 2155, Brownsville, Texas 78522-2155, counsel for Defendant.

_____
Ricardo M. Adobbati