IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

JUL 1 1 2003

Michael N. Milby
Clerk of Court

| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. CIV. B-03-094 |
| | § | |
| | § | |
| ISMAEL LOZANO, GERALD MANTHEY | § | |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | DEFENDANT CARLOS MASSO's |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | MOTION TO SEVER |
| SANDOVAL, ERIC SOLIS, and DUAINE | § | |
| WOHLERS | § | |
| | § | |
| Defendants. | § | |

TO: THE HONORABLE HILDA G. TAGLE
United States District Court, Southern District of Texas

## MOTION TO SEVER

**COMES NOW CARLOS MASSO** (hereinafter "Masso") and pursuant to the Federal Rules of Civil Procedure, 20, 21 and 42(b), asks the Court to sever out all the claims against Defendant Masso as they were improperly joined.

### Introduction

1. Plaintiff is Directv, Inc., is a multi-billion dollar California based company in the business of distributing satellite television broadcasts throughout the United States. Plaintiff alleges that the Defendant's in this cause are or where involved in the surreptitious possession and use of illegal devices and equipment allegedly designed to intercept and decrypt Plaintiff's protected

satellite communications. Plaintiff further alleges that certain Defendants may have engaged in distributing and/or reselling these devices.

2. Plaintiff has filed thousands of suits throughout the United States and several suits in the Southern District of Texas each with multiple Defendants. In this cause alone there are eight Defendants. The Defendants are not related or associated in any way nor can they be jointly liable for any of the Plaintiff's claims.

3. Defendant Masso answered and has asserted various defenses and counter-claims against Plaintiff.

## Argument

4. A Court may divide a lawsuit for purposes of trial when the case involves separate and distinct issues and when separate trials will do justice, avoid prejudice, and further the convenience of the parties and the Court. See *Saxion v. Titan-C Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996).

5. A Court may conduct separate trials or sever any claim presented or any party to a suit. Fed. R. Civ. P. 21; See *Allied Elevator, Inc. v. East Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992).

6. The Court should grant Defendant Masso's motion to sever for the following reasons:

    a. The Defendants have been inappropriately joined. See Fed. R. Civ. P. 20 and 21. Joinder of defendants under Fed. R. Civ. P. 20 requires (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or

occurrences, and (2) a common question of law or fact. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996).

    b. Several District Courts have Ordered Plaintiff, Directv, Inc., to show cause why all of the Defendants in those causes should not be severed out and why Plaintiff should not be required to proceed against each Defendant through the filing of a separate complaints. See Cause No. 1:2003cv935 thru 943, Colorado District Court and 03cv674F, Western District of Oklahoma.

    c. The Defendants should each be tried separately in the interest of justice. See Fed. R. Civ. P. 21; American Fidelity Fire Ins. Co. v. Construcciones Werl, Inc. 407 F.Supp. 164, 189-90 (D. V.I. 1975).

    d. Defendant Masso is highly prejudiced by the inclusion of any other Defendant in this matter. Furthermore, Defendant Masso will suffer embarassment as a result of some of the allegations and claims against the other Defendants, including but not limited to, allegations concerning the distribution and/or resale of these allegedly illegal devices.

7. Judicial economy will be served because there will be no procedural delays and the time and costs spent trying multiple suits are not greater than the time and costs spent trying a single suit. Moreover, the time and money spent on copying each and every party to this lawsuit, whether it be discovery, motions, or otherwise apply to the other parties, would become prohibitive.

## Conclusion

8. For the previously stated reasons, Defendant Masso, asks the Court to sever Defendant Masso from the other Defendants in this cause and to order the clerk of the court to assign a new number to the severed action.

Respectfully submitted,

*[signature]*

Carlos Masso, Pro Se
1621 Tulane Ave.
Brownsville, Texas 78520
Telephone: (956) 550-9938

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered in person to counsel of record listed below on this __11th__ day of July, 2003:

Hon. Lecia L. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522

Hon. Ricardo M. Addobati
134 E. Price Rd.
Brownsville, Texas 78521

*[signature]*

Carlos Masso

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. CIV. **B-03-094** |
| | § | |
| | § | |
| ISMAEL LOZANO, GERALD MANTHEY | § | |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | DEFENDANT CARLOS MASSO's |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | MOTION TO SEVER |
| SANDOVAL, ERIC SOLIS, and DUAINE | § | |
| WOHLERS | § | |
| | § | |
| Defendants. | § | |

## ORDER ON DEFENDANT CARLOS MASSO'S MOTION TO SEVER

After considering Defendant Carlos Masso's Motion to Sever under Federal Rules of Civil Procedure 20, 21, and 42(b) and the Response, the Court:

GRANTS the motion to sever, severs Defendant Carlos Masso, and ORDERS the clerk of the Court to assign the severed action a separate cause number. The severed case will be tried to a jury.

SIGNED this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE