*39*

# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| DIRECTV, Inc., | § | United States District Court Southern District of Texas FILED |
|  | § |  |
| Plaintiff, | § | OCT 1 5 2003 |
|  | § |  |
| V. | § | Michael N. Milby Clerk of Court |
|  | § | No. CIV. B-03-094 |
| ISMAEL LOZANO, GERALD MANTHEY | § |  |
| LUIS ERNESTO LONGORIA, CARLOS | § |  |
| MASSO, KLAUS MEYER, ABRAHAM | § |  |
| OCHOA, GEORGE RAMIREZ, PEDRO | § |  |
| SANDOVAL, ERIC SOLIS and DUAINE | § |  |
| WOHLERS | § |  |
|  | § |  |
| Defendants. | § |  |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
## DEFENDANT CARLOS MASSO'S MOTION TO DISMISS COUNT 3

Plaintiff DIRECTV, Inc., ("DIRECTV"), by counsel, files this Brief in Support of its Response to Defendant's Motion to Dismiss Count III (the "Motion").

## I. SUMMARY OF THE ISSUE

The issue before the Court is whether a private right of action exists for violations of 18 U.S.C. § 2512 ("Section 2512"). Although not every violation of Section 2512 results in civil liability, the case at bar involves the narrow circumstances that do create liability.

## II. ARGUMENT

### A.    *Summary of DIRECTV's Complaint*

DIRECTV alleges in Count III of the Complaint that Masso has possessed, manufactured, and/or assembled a Pirate Access Device that he used to intercept and/or intentionally use DIRECTV's programming in violation of 18 U.S.C. § 2512 ("Section 2512"). Complaint, ¶ 18. It is well established that, following the 1986 amendments to the Section 2520 of 18 U.S.C., the

possession, manufacture or assembly of illegally modified satellite television descramblers—such as the Pirate Access Device at issue—is a violation of Section 2512. *See, e.g.*, *United States v. McNutt*, 908 F.2d 561 (10th Cir. 1990). The question is whether Masso's alleged violation of Section 2512 creates civil liability. DIRECTV's position is yes, because another federal statute, 18 U.S.C. § 2520 ("Section 2520"), expressly confers a private right of action to sue for violations of Section 2512.

**B.**    *District Courts Hold That Section 2512 Is Actionable Under Section 2520*

Section 2512 is contained in Chapter 119 of the federal criminal statutes, entitled Wire And Electronic Communications Interception And Interception Of Oral Communications. Section 2520 of Chapter 119, 18 U.S.C. § 2520, provides in relevant part that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation *of this chapter may in a civil action recover from the person or entity ... which engaged in that violation* such relief as may be appropriate." 18 U.S.C. § 2520(a) (emphasis added). Section 2520 clearly confers a private right of action permitting DIRECTV to sue Masso for violation of Section 2512 and district courts agree. *See* **Exhibit A**, Civil Action no. A-03-CV-321-JN; *DIRECTV, Inc. v. Clarence Gerke, et al., defendants*; in the U.S. District Court for the Western District of Texas, Austin Division (July 14, 2003); Civil Action No. H-03-0836; *DIRECTV, Inc. v. La Andy, et al., defendants*; in the U.S. District Court for the Southern District of Texas, Houston Division (June 17, 2003); Memorandum Opinion in Cause no. C-02-4102-MWB; *DIRECTV, Inc. v. Manuel Calamanco, et al., defendants*, in the United States District Court for the Northern District of Iowa, Western Division (Jan. 21, 2003); Civ. No. 03-20452-CIV; *DIRECTV, Inc. v. Cindy Garcia, et al., defendants*; in the U.S. District Court for the Southern District of Florida (May 21, 2003); Memorandum Opinion in Civ. No. 03-CV-3534;

*DIRECTV, Inc. v. Alex Gatsiolis, et al., defendants*; in the U.S. District Court for the Northern District of Illinois (August 27, 2003); Memorandum Opinion in Civ. No. 03-CV-3504: *DIRECTV, Inc. v. Fermin Perez, et al., defendants*; in the U.S. District Court for the Northern District of Illinois (August 27, 2003). Report and Recommendation of the Magistrate Judge, Civ. No. 06:03-CV-245; *DIRECTV v. Ryan Pence, et al. defendants*, in the U.S. District Court for the Northern District of Texas (September 17, 2003). DIRECTV alleges that its electronic satellite communications were intercepted and used in violation of Chapter 119, and that Masso engaged in that violation, including by possessing and using devices prohibited by Section 2512(1)(b). DIRECTV thus asserts a claim against Masso that is expressly within the private right of action that Section 2520 confers.

Federal district courts have recognized, in cases involving similar allegations, that § 2520 confers a private right of action to assert claims under § 2512. In *Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F.Supp. 1019 (D. Neb. 1991), a cable television provider sued under Section 2512 for the sale of equipment used to gain unauthorized access to its programming. *Id.* at 1022. The defendants moved to dismiss, claiming that no private right of action exists under Section 2512. The court disagreed, finding that Section 2512 "confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510-2521." *Id.* at 1027. Similarly, the court in *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp. 1077 (C.D. Cal. 2002), held that there is a private cause of action for violations of § 2512.

## C.    *Flowers Is Completely Distinguishable*

Defendants often argue that *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985) compels this Court to hold that Section 2512 never creates civil liability. However, as many courts have recognized, careful analysis of *Flowers* and the post-*Flowers* amendments to the Act

3

reveal that a violation of Section 2512 can lead to civil liability.

### 1.    *Flowers Only Involved a Manufacturer and is Distinguishable*

As Judge Hudson recognized in a recent decision on a similar motion to dismiss in *DIRECTV, Inc. v. Amato*, Case No.:3:03cv355, analysis of the Section 2512 civil liability issue "requires careful study of the Fourth Circuit's decision in *Flowers*." Mem. Op. of June 20, 2003. The *Amato* opinion, however, *assumed* without analysis that *Flowers* precluded all Section 2512 civil liability and then proceeded to determine whether post-*Flowers* amendments changed that fact. In examining *Flowers*, it is important to note that nowhere in that case does the Court hold that violation of Section 2512 cannot support civil liability. Rather, the Court carefully limited its holding to sellers or manufacturers of illegal equipment who have not acted to intercept, disclose or use protected communications. *E.g.*, *Flowers*, 773 F.2d at 589 ("Therefore, we hold that Section 2512 provides by implication no private cause of action against the seller or manufacturer of a device primarily useful for wiretapping."). ***Flowers* does not address the question of whether one who intercepts, discloses or uses protected communications can be civilly liable under Section 2512.** Importantly, DIRECTV alleges in both its second and third claims that its electronic satellite communications were "intercepted, disclosed and/or intentionally used in violation" of Section 2512. Thus, *Flowers* is not controlling authority and DIRECTV asserts a claim against Masso that is expressly within the private right of action that Section 2520 confers.

### 2.    *Flowers Was Decided Pre-1986 Amendment to Section 2520 and Is Distinguishable.*

The "careful study" of *Flowers* in this instance requires consideration of the express language of Section 2520, which creates civil liability under the Act, both pre- and post-1986 amendment.

Section 2520, both under *Flowers* and today, consists of two parts: (1) language defining

the class of plaintiffs, and (2) language establishing grounds for action. *See Flowers*, 773 F.2d at

588. The "class of plaintiffs" language underwent only minor change though the amendments,

changing from "Any person whose wire or oral communication is intercepted, disclosed, or used

in violation of this chapter" at the time of *Flowers* to "any person whose wire, oral, or electronic

communication is intercepted, disclosed, or intentionally used in violation of this chapter" in the

current version. 18 U.S.C. § 2520. In other words, the amendments added "electronic

communication[s]" to Section 2520, bringing satellite broadcasters such as DIRECTV within the

class of plaintiffs.

The *Flowers* determination of no liability as to sellers and manufacturers was based on

the second or "grounds for action" half of Section 2520. At the time of *Flowers*, § 2520

provided that:

> Any person whose wire or oral communication is intercepted, disclosed or
> used in violation of this chapter shall (1) have a civil cause of action
> against any person who intercepts, discloses, or uses, or procures any other
> person to intercept, disclose, or use such communications, and (2) be
> entitled to recover from any such person.

In 1986, Congress amended Section 2520 to provide that "any person whose ... electronic

communication is intercepted, disclosed, or intentionally used in violation of" Chapter 119 has a

private cause of action against the "person or entity ... *which engaged in that violation*." 18

U.S.C. § 2520(a). As amended, the private cause of action under Section 2520 is no longer

limited to claims against a *defendant* who intercepted, disclosed or used an electronic

communication, but has instead been expanded to permit any *plaintiff* whose electronic

communication has been intercepted, disclosed or used, to sue those who "engaged" in any

violation of Chapter 119, including Section 2512. Thus, the statute now defines the class of

potential defendants as any person "engaged in" a "violation of this chapter." 18 U.S.C. §

2520(a). In the instant case, Masso is alleged to be a possessor of a pirate access device in

violation of Section 2512 of the Act. A plain reading of Section 2520 reveals that the statute authorizes the recovery of civil damages under Section 2512, as part of the chapter. If Congress had wanted to exclude Section 2512 from this civil damages provision, it could have done so after *Flowers* in one of its amendments to Section 2520.

Furthermore, at the time of *Flowers*, "The statute expressly limit[ed] those against whom the private action lies to the person who 'intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications.'" *Id.* (citing the Act). As the Fourth Circuit pointed out, "This language tracks very closely the criminal offenses set out in Section 2511, whereas the criminal offenses set out in Section 2512 are defined in terms such as 'manufacture,' 'assemble,' 'possess,' and 'sell.'" *Id.* at 589. The amended version of the Act, however, jettisons this "intercepts, discloses, or uses" language as to the defendant, creating liability in any person or entity that "engages" in violation of the chapter. In other words, while the *Flowers* version "track[ed] very closely" Section 2511 but not Section 2512, the amended version expands liability to include any violation of the chapter in the course of interception, disclosure, or use. In other words, the amendment to Section 2520 negates the reasoning of *Flowers* and as such, *Flowers* should no longer be controlling authority.

### 3.    *DIRECTV is the Only Victim in Violations of Section 2512*

Civil liability for Section 2512 violations involving Pirate Access Devices does not rest solely on this change in language, however. *Flowers* took into consideration the primary party to be benefited by the protections of Section 2512. The *Flowers* court was concerned that the public as a whole would have benefited from the removal of the devices and not necessarily a particular victim. Although the "public as a whole" may have benefited by the removal from the marketplace of rudimentary devices for intercepting wire or oral communications that were at

issue in *Flowers*, the complex electronic communications interception devices reached by the amended Section 2512 are far less a threat to the public as a whole than to "the particular victim[s]" that concerned the *Flowers* court. As recently recognized:

> " . . . . [Providing DIRECTV this right of action under Section 2512] decreases the burden on already overextended federal prosecutors to pursue criminal convictions under this statute. Moreover, potential plaintiffs whose electronic communications are being intercepted are equipped with the incentives to initiate litigation to protect their private interests. Granting that class of plaintiffs a broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for devices to intercept electronic communications."

*See* Memorandum Opinion in Civ. No. 03-CV-3534, *DIRECTV v. Gatsiolis*, at 5 (August 27, 2003)(attached hereto as Exhibit A). Indeed, the Pirate Access Devices at issue have one purpose—intercepting DIRECTV programming—and only one possible victim—DIRECTV.

### III. CONCLUSION

For the foregoing reasons, Plaintiff DIRECTV believes that 18 U.S.C. § 2520 expressly confers a private right of action for violations under § 2512, and therefore respectfully requests that this Court deny Defendant, Carlos Masso's, Motion to Dismiss in all respects.

Respectfully Submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Lecia L. Chaney
State Bar No. 00785757
Fed Id. No. 1941
1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax    : (956) 541-2170

**OF COUNSEL:**
**Robert A. Swofford**
Federal ID No. 19403
Texas State Bar No. 00791765
**Kelly-Ann F. Clarke**
Federal ID No. 27195
Texas State Bar No. 24027929
**Joseph R. Russo, Jr.**
Federal ID No. 22559
Texas State Bar No. 24002879
**Joe A. C. Fulcher**
Federal ID No. 14126
Texas State Bar No. 07509320
**GREER, HERZ & ADAMS, L.L.P**
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of October, 2003, I served the foregoing motion on opposing counsel or pro se defendant in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows or by facsimile as follows:

Mr. Ricardo Adobbati
134 E. Price Road
Brownsville, TX 78520
Attorney for Klaus & Meyer

Eric Solis
1221 E. Harrison
Harlingen, TX 78550

Luis Ernesto Longoria
574 Azucena Avenue
Brownsville, TX 78520

Carlos Masso
Pro Se
1621 Tulane Avenue
Brownsville, TX 78520

Duaine Wohlers
302 N. 27th Street, Suite 126
Harlingen, TX 78550
Pro Se

Gerald Manthey
2213 N. Whitehouse Circle
Harlingen, TX 78550
Pro Se

Ismael Lozano
244 Boca Chica Blvd.
Brownsville, TX 78521

Leora L. Chaney

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

FILED

2003 JL 14 PM 4: 10

WESTERN DIST. OF TEXAS
U.S. CLERK'S OFFICE

BY:_____
DEPUTY

DIRECTV, INC.

v.

CLARENCE GERKE, et al.

§
§
§
§
§
§

CIVIL NO. A-03-CV-321 JN

## ORDER

Before the Court are Defendant Carbo's Motion to Dismiss (Clerk's Doc. No. 9) and Plaintiff's Response to Defendant Carbo's Motion to Dismiss (Clerk's Doc. No. 14). Upon review of the pleadings, the applicable legal authorities, and the entire case file, the Court enters the following Order.

Defendant Carbo's Motion to Dismiss will not detain the Court long. Carbo argues that Plaintiff cannot state a claim under 18 U.S.C. § 2512. However, 18 U.S.C. § 2520(a) states that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this *chapter* may in a civil action recover from the person or entity . . . which engaged in that violation such relief as may be appropriate." (emphasis added). As both § 2512 and § 2520 are within Chapter 119 of Title 18 and Plaintiff specifically plead its Complaint to encompass the provisions of these sections, Defendant Carbo's Motion to Dismiss is hereby DENIED.

It is so ordered.

SIGNED AND ENTERED this ___14th___ day of July, 2003.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

**EXHIBIT**
tabbies
A
17

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 1 7 2003

Michael N. Milby, Clerk of Court

| | |
|---|---|
| DIRECTV, Inc., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION No. H-03-0836 |
| | § |
| LA ANDY, KEVIN J. ACKMOODY, | § |
| DOMINICK BENCIVENGO, | § |
| MANFRED BOHM, CHESLEY N. | § |
| BROOKS, JR., NATALIE CIUPAK, | § |
| CLIFTON COCKROFT, HANH DANG, | § |
| and MARSHALL DAVIS | § |
| | § |
| Defendants. | § |

### ORDER DENYING DEFENDANT'S, NATALIE CIUPAK, MOTION TO
### DISMISS FOR PLAINTIFF'S FAILURE TO STATE A CLAIM
### UNDER 18 U.S.C. §2512

Before the Court is Defendant's, Natalie Ciupak, Motion to Dismiss for Plaintiff's

Failure to State a Claim under 18 U.S.C. §2512. The Court has reviewed the Complaint,

the motion. Plaintiff's response, and the arguments of counsel. The Court finds that

Defendant's, Natalie Ciupak, Motion to Dismiss for Plaintiff's Failure to State a Claim

under 18 U.S.C. §2512 should be denied.

Defendant's. Natalie Ciupak, Motion to Dismiss for Plaintiff's Failure to State a

Claim under 18 U.S.C. §2512 is, therefore. DENIED.

DONE this _16th_ day of _____June_____, 2003.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

30



FILED
U.S. DISTRICT COURT
WEST. DIST. OF IA
2003 JAN 21 AM 8: 09
___ ___ / DIV. OFFICE
BY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

DIRECTV, INC., a California
corporation,

        Plaintiff,

vs.

MANUEL CALAMANCO, KEVIN
CONOLLY, BRIAN SCHWINT, DOUG
WALLER, and DARBY WESTPHAL,

        Defendants.

No. C 02-4102-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING DEFENDANT
MANUEL CALAMANCO'S
"MOTION UNDER FRCVP 12"**

In this action, filed on October 31, 2002, plaintiff DIRECTV, a direct broadcast satellite television system, asserts various causes of action against the defendants arising, *inter alia*, from their alleged purchase by mail and possession and/or use of equipment capable of receiving and decrypting DIRECTV's satellite broadcast signal without permission from or payment to DIRECTV. On December 5, 2002, defendant Calamanco filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure seeking dismissal of Count III of DIRECTV's Complaint. Somewhat more specifically, Calamanco asserts that there is no private right of action under 18 U.S.C. § 2512(1)(b), a criminal statute the violation of which is the sole basis for Count III, and that Count III is repetitious of the causes of action stated under other counts of DIRECTV's Complaint. Calamanco contends that Count III thus fails to state a claim upon which relief can be granted and should be dismissed—apparently pursuant to Rule 12(b)(6), although Calamanco does not identify the authority for this portion of the relief he requests—or, in

the alternative, that Count III should be stricken as "repetitious" pursuant to Rule 12(f).[1]
DIRECTV resisted Calamanco's motion on December 18, 2002. DIRECTV contends that
a private cause of action for violations of 18 U.S.C. § 2512(1)(b) is expressly authorized
by 18 U.S.C. § 2520, and that Count III otherwise properly pleads an alternative theory
for relief not pleaded in the other counts of DIRECTV's Complaint.

After realleging all prior paragraphs of DIRECTV's Complaint, Count III alleges
the following:

> 25.   Defendants have used Pirate Access Devices [as
> defined in ¶ 4 of the Complaint] to decrypt and view
> DIRECTV's satellite transmissions of television programming,
> with intent to avoid payment of the lawful charges therefor, by
> trick, artifice, deception, use of a device or decoder, and other
> fraudulent means, without authority from DIRECTV, in
> violation of 18 U.S.C. § 2512(1)(b).
>
> 26.   Defendants have possessed and used Pirate
> Access Devices that are designed in whole or in part to receive
> subscription television services offered for sale by DIRECTV,
> without authority of DIRECTV, in violation of 18 U.S.C.
> § 2512(1)(b). Defendants' intent in possessing such devices
> was to avoid payment to DIRECTV of the lawful charges for
> its programming.
>
> 27.   Defendants' violations have injured and will
> continue to injure DIRECTV by depriving DIRECTV of
> subscription and pay-per-view revenues and other valuable
> consideration, compromising DIRECTV's security and
> accounting systems, infringing DIRECTV's trade secrets and
> proprietary information, and interfering with DIRECTV's

---

[1] Although Calamanco's motion to dismiss is not accompanied by a brief as required
by N.D. IA. L.R. 7.1(d), the court finds that little purpose would be served, under the
circumstances presented here, in requiring Calamanco to refile the motion in proper form.
Defendant Calamanco is, however, cautioned that, in the future, compliance with the local
rules of this district will be *required*.

2

> contractual and prospective business relations.
>
> 28.    Defendants knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Unless restrained by this Court, Defendants will continue to violate 18 U.S.C. § 2512(1)(b), causing DIRECTV irreparable harm for which DIRECTV has no adequate remedy at law.

Complaint, Count III, ¶¶ 25-28. Thus, Count III is, as Calamanco contends, premised entirely on violations of a criminal statute, 18 U.S.C. § 2512(1)(b):

Section 2412 of Title 18 of the United States Code provides, in pertinent part, as follows:

> § 2512. Manufacture, distribution, possession, and advertising of wire, oral, or electronic communication intercepting devices prohibited
>
> (1) Except as otherwise specifically provided in this chapter, any person who intentionally—
> * * *
>
> (b) manufactures, assembles, *possesses*, or sells any electronic, mechanical, or other device, *knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of* wire, oral, or *electronic communications*, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce. . . .
>
> shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2512(1)(b). The court finds that Count III alleges violations of this provision of the criminal code. The question is, is a private cause of action by an injured party authorized against persons who violate 18 U.S.C. § 2512(1)(b)?

3

The answer is, yes. The court finds that, as DIRECTV asserts, 18 U.S.C. § 2520 authorizes a private cause of action for violations of 18 U.S.C. § 2512, and other provisions of chapter 119 of Title 18 of the United States Code concerning "Wire and Electronic Communications Interception and Interception of Oral Communications," of which § 2512 is a part. In pertinent part, § 2520 provides as follows:

§ 2520. Recovery of civil damages authorized

(a) In general.—Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

28 U.S.C. § 2520(a). Another subsection of § 2520 specifies that the "appropriate relief" in the civil action authorized by § 2520(a) includes "preliminary and other equitable or declaratory relief," "damages" as provided by the statute, "punitive damages in appropriate cases," and "attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2520(b). Other pertinent subsections of the statute specify the manner in which damages are to be computed, *see id.* § 2520(c); a "good faith reliance" defense, *see id.* at § 2520(d); and a two-year statute of limitations for the civil action. *See id.* at U.S.C. § 2520(e).

Thus, far from failing to state a claim upon which relief can be granted, Count III of DIRECTV's Complaint asserts a private cause of action that is expressly authorized by statute, 18 U.S.C. § 2520(a), for violations of 18 U.S.C. § 2512(1)(b).[2] *Accord*

_____

[2] Nothing in the record at this time suggests that defendant Calamanco could avail himself of the exception to the private cause of action authorized in 18 U.S.C. § 2520(a) (continued...)

4

*DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1022-27 (D. Neb. 1991). Defendant Calamanco has not identified any "insuperable bar" to the claim in Count III of DIRECTV's Complaint, which would warrant dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) ("A [Rule 12(b)(6)] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.") (internal quotation marks and ellipses omitted); *accord Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997) (also considering whether there is an "insuperable bar to relief" on the claim). Thus, the first portion of Calamanco's "Motion Under FRCVP 12" will be denied.

Likewise without merit is Calamanco's contention that Count III of DIRECTV's Complaint should be stricken pursuant to Rule 12(f), on the ground that Count III is "repetitious" of causes of action stated elsewhere in the Complaint. Rule 12(f) provides as follows:

> (f) *Motion to Strike.* Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, *the court may order stricken from any pleading* any insufficient defense or *any redundant, immaterial, impertinent, or scandalous matter.*

FED. R. CIV. P. 12(f) (emphasis added). In *Dethmers Manufacturing Company v.*

---

[2](...continued)
that is embodied in 18 U.S.C. § 2511(2)(a)(ii). *See* 18 U.S.C. § 2520(a) ("Except as provided in section 2511(2)(a)(ii). . . .").

5

*Automatic Equipment Manufacturing Company*, 23 F. Supp. 2d 974 (N.D. Iowa 1998), after a survey of precedents, this court concluded "that mere duplicative remedies do not necessarily make claims 'redundant' within the meaning of Rule 12(f), if the claims otherwise require proof of different elements; however, a claim that merely recasts the same elements under the guise of a different theory may be stricken as redundant pursuant to Rule 12(f)." *Dethmers*, 23 F. Supp. 2d at 1009. Calamanco has made no showing that Count III merely recasts the same elements as the other claims in DIRECTV's Complaint in the guise of a different theory. Instead, DIRECTV appears to have alleged in each Count distinct, albeit alternative, claims, whatever overlap there may be in available relief.

THEREFORE, defendant Manuel Calamanco's December 5, 2002, "Motion Under FRCVP 12" is denied in its entirety.

**IT IS SO ORDERED.**

DATED this 20th day of January, 2003.

1-21-03

Mark W. Bennett
_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 03-20452-CIV-LENARD/SIMONTON

DIRECTV, INC., a California
corporation,

      Plaintiff,

vs.

CINDY GARCIA, JOSE GARRIDO,
HATHAN OLKEN, JUAN OTEY, and
KAUSHI PAREKH,

      Defendants.
_____/



### ORDER DENYING DEFENDANT GARRIDO'S MOTION TO DISMISS

    THIS CAUSE is before the Court on Defendant Jose Garrido's Motion to Dismiss,
filed April 1, 2003. (D.E. 10.) Plaintiff DIRECTV, INC. filed a Response on April 14,
2003. No reply has been filed. Having considered the Motion, the Response and the record,
the Court finds as follows.

    **I.**    **Introduction**

    The Complaint filed by Plaintiff DIRECTV, INC. on February 28, 2003 alleges that
Defendant Jose Garrido, on two separate occasions in August, 2000, purchased "pirate access
devices" to gain illegal access to Plaintiff's satellite television programming, and that such
devices were shipped through interstate commerce to Defendant's address in Miami, Florida.
Plaintiff alleges three causes of action against    Defendant Garrido: (1) unauthorized
reception of satellite signals, in violation of 47 U.S.C. § 605(a); (2) unauthorized interception

of electronic communications, in violation of 18 U.S.C. § 2511(1)(a); and (3) possession of pirate access devices, in violation of 18 U.S.C. § 2512(1)(b).

In response to the Complaint, Defendant Garrido filed the instant Motion to Dismiss on April 1, 2003.[1]

## II. Parties' Arguments

Defendant Garrido argues that Counts II and III cannot arise under the Electronic Communications Privacy Act ("Federal Wiretap Laws"), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), based on United States v. Herring, 933 F.2d 932 (11th Cir. 1991). In addition, Defendant Garrido contends that Count I fails to state a claim because Plaintiff merely alleges that Defendant purchased access devices and not that Defendant received or transmitted unauthorized satellite signals for his personal or commercial advantage or otherwise, and, therefore, 47 U.S.C. § 605(a) does not prohibit the exact actions of which Defendant has been accused, under United States v. Herring, 993 F.2d 932 (11th Cir. 1991).

In response, Plaintiff points out that United States v. Herring, 993 F.2d 932 (11th Cir. 1991), was vacated and reconsidered en banc, and that the appellate court ultimately affirmed the district court's order, in United States v. Herring, 993 F.2d 784 (11th Cir. 1993). In addition, Plaintiff maintains that a private cause of action exists under 18 U.S.C. § 2512, and

---

[1] Defendant Garrido did not file an accompanying memorandum of law, as required by Rule 7.1(A) of the Local Rules of the Southern District of Florida. Plaintiff has not objected on this ground, but Defendant Garrido is hereby warned that future failure to abide by the Local Rules will not be tolerated by this Court.

-2-

that the Complaint meets the pleading requirements of 47 U.S.C. § 605(a).

**III.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of a claim that fails to state a claim upon which relief can be granted.  The Eleventh Circuit has clearly articulated the standard of review for a Rule 12(b)(6) motion to dismiss:

> "The standard of review for a motion to dismiss is the same for the appellate court as it is for the trial court." Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).  A motion to dismiss is only granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir.), cert. denied, 525 U.S. 1000 (1998).  "On a motion to dismiss, the facts stated in appellant's complaint and all reasonable inferences therefrom are taken as true." Stephens, 901 F.2d at 1573.

**IV.     Analysis**

Initially, the Court notes that the only case cited by Defendant Garrido in support of his Motion to Dismiss, United States v. Herring, 933 F.2d 932 (11th Cir. 1991), was vacated by a majority of the Eleventh Circuit, United States v. Herring, 977 F.2d 1435 (11th Cir. 1992), and reconsidered *en banc*, United States v. Herring, 933 F.2d 784 (11th Cir. 1993). The *en banc* court reached the opposite conclusion of the three-judge panel, and affirmed the district court's conclusion that the defendant had violated the plain language of 18 U.S.C. § 2512(1)(b).  Defendant Garrido should not have cited the panel decision to this Court in

-3-

the first place, but when this error was pointed out by Plaintiff in its Response, Defendant Garrido should have withdrawn his Motion to Dismiss.

### A.   Private Cause of Action Under 18 U.S.C. §§ 2511 & 2512

Under 18 U.S.C. § 2511(1)(a), a person who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" may be fined and/or imprisoned up to five years. Under 18 U.S.C. § 2512(1)(b), any person who "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device . . ." may be fined and/or imprisoned up to five years. In the instant case, Plaintiff claims a private right of action for the violation of sections 2511(1)(a) and 2512(1)(b) by virtue of 18 U.S.C. § 2520, which provides, in relevant part that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation." 18 U.S.C. § 2520. The question presented is whether 18 U.S.C. § 2520 provides a private cause of action for alleged violations of 18 U.S.C. §§ 2511(1)(a) & 2512(1)(b).

Two district courts have held that section 2520 provides a private cause of action for alleged violations of section 2511 and 2512. Directv, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002); Oceanic Cablevision, Inc. v. M.D. Elecs., 771 F. Supp. 1019, 1025-29 (D. Neb. 1991). The Court finds the rationale of those cases persuasive, and

-4-

Defendant Garrido has presented no argument to the contrary. Based on the plain language

of 18 U.S.C. § 2520, the Court concludes that Plaintiff may assert a private cause of action

for violations of 18 U.S.C. §§ 2511 & 2512. Plaintiff has alleged not only that Defendant

Garrido purchased illegally modified pirate access devices, but also that he used such

devices. (Compl. ¶¶ 18, 20.) Therefore, the Court finds that Plaintiff has alleged sufficient

facts to assert a private cause of action. Contrast Flowers v. Tandy Corp., 773 F.2d 585, 589

(4th Cir. 1985) ("[T]he express language of § 2520 is . . . not susceptible to a construction

which would provide a cause of action against one who manufactures or sells a device in

violation of § 2512 but does not engage in conduct violative of § 2511."); Ages Group, L.P.

v. Raytheon Aircraft Co., 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998) ("[E]ven if Defendant

possessed equipment which it knew or reasonably should have known was designed

primarily for surreptitious acquisition of communications under § 2512, [the plaintiff] must

also create a question of fact as to whether communications were intercepted, disclosed, or

intentionally used."). As Defendant Garrido has not provided any binding authority to the

contrary, the Court finds that Plaintiff has stated a claim in Counts II and III.

    **B.**    **Allegation of Receipt of Unauthorized Signal**

    Defendant Garrido asserts that Count I should be dismissed because the Complaint

merely alleges that he purchased access devices and not that he received or transmitted

unauthorized satellite signals for his personal or commercial advantage or otherwise.

-5-

Plaintiff points out, to the contrary, that paragraph 29 of the Complaint alleges that all Defendants "have received and/or assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a)." (Compl. ¶ 29.) Based on this allegation and the Eleventh Circuit's vacatur of the _Herring_ decision upon which Defendant Garrido relies, the Court finds no grounds for the dismissal of Count I.

Accordingly, it is

ORDERED AND ADJUDGED that Defendant Jose Garrido's Motion to Dismiss, filed April 1, 2003 (D.E. 10), is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida this _21_ day of May, 2003.

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Cc: U.S. Magistrate Judge Andrea M. Simonton
All counsel of record
03-20452-CIV-LENARD/SIMONTON

-6-

AUG 27 2003  3:14 PM FR QUERREY & HARROW 16FL40 0570  0 5505#65660000#14 P.04

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECTV, Inc.,                          )
                                        )    No. 03 C 3534
                    Plaintiff,          )
                                        )    HONORABLE DAVID H. COAR
          v.                            )
                                        )
ALEX GATSIOLIS, et al.                  )
                                        )
                                        )
                    Defendants.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff DIRECTV, Inc., has sued Defendant Richard George and others for violations of, among other statutes, provisions of 18 U.S.C. § 2512 under 18 U.S.C. § 2520. Defendant George has moved to dismiss Count III of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The parties have briefed the issue fully and it is now ripe for decision.

### Factual and Procedural Background

On May 22, 2003, Plaintiff Directv, Inc. ("Plaintiff" or "Directv") filed a five count complaint in this Court against all Defendants. In general terms, the Complaint charges the defendants with using pirate materials to intercept satellite signals that are intended solely for Plaintiff's paying customers. Count III, which Defendant George seeks to dismiss here, alleges that defendants knowingly possessed, manufactured, or assembled devices primarily useful for surreptitious interception of electronic communication that had been sent through the mail in violation of 18 U.S.C. § 2512. Count III also incorporates by reference the earlier allegations that

1

AUG 27 2003  3:14 PM FR QUERREY & HARROW 16FL40 0578 ¡0 5505#65660000#14 P.05

the defendants intercepted, disclosed, and/or intentionally used Plaintiff's electronic communications.

The Court accepts the well-pleaded allegations of the Complaint as true on a Motion to Dismiss. In his Motion, Defendant George wisely does not seek to challenge the facts in the Complaint. Instead, George's Motion to Dismiss rests solely on the argument that, as a matter of law, 18 U.S.C. § 2520 does not support a civil cause of action for violations of 18 U.S.C. § 2512. As with all motions to dismiss, it will only be granted if the facts as alleged would not entitle the plaintiff to relief.

The statute under which this lawsuit is filed is somewhat unusual. Ordinarily, the task of policing violations of the federal criminal code is the exclusive province of the U.S. Attorney's Office. In some areas, though, Congress determines that it is appropriate to provide the opportunity for aggrieved parties to redress their grievances without regard to criminal prosecution. This statute provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to seek damages from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a).

The Defendant's position is that the first clause of § 2520(a) which mentions "intercept[ion], disclos[ure], or intentional use[]" of the electronic communication limits the private right of action to violations of those portions of the chapter which prohibit interception, disclosure, or intentional use. Since § 2512 does not prohibit interception, disclosure, or intentional use of electronic communications, under Defendant's interpretation, a private right of action could not stand based on this section of the chapter.

2

Defendant seeks support in an unpublished order in litigation from the Middle District of

Florida. See Directv, Inc. v. Thacker, No. 6:03-cv-239-Orl-28DAB (M.D. Fla. Apr. 15, 2003)

(order dismissing complaint under 18 U.S.C. §2512 without prejudice) (attached to Def. Mot.

Dismiss). The order in that case does not support Defendant's position, though, as it dismissed

the complaint with leave to amend due to a pleading defect. There are two soon to be published

cases that do support the Defendant's position, one of which, Amato, Defendant also cites. See

Directv, Inc. v. Cardona, — F. Supp. 2d —, 2003 WL 21910578, at *7 (M.D. Fla. July 8, 2003);

Directv, Inc. v. Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4 (E.D. Va. June 20, 2003).

In Cardona, the court unambiguously held that civil liability under 18 U.S.C. § 2520 is limited to

"persons who intercept, disclose, or use electronic communications; that class of persons does

not include manufacturers, assemblers, possessors, and sellers of satellite decrypters." Cardona,

— F. Supp. 2d —, 2003 WL 21910578, at *7. Similarly, in Amato, the Court dismissed a

complaint under 18 U.S.C. § 2512 because there is no rationale for private recovery for

possession. Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4 ("mere *possession* of [] a

device, as banned by § 2512, creates no individualized harm and, thus, no justification for private

recovery").

    Amato relied on an older case, Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985), to

support its conclusion. In Flowers, the Fourth Circuit vacated a jury verdict holding the

defendant civilly liable under 18 U.S.C. § 2520 for a violation of 18 U.S.C. § 2512. The Fourth

Circuit noted that it was error to "permit[] the jury to consider . . . 18 U.S.C. § 2512 as a basis for

imposing civil liability." Flowers, 773 F.2d 585, at 588. According to the Fourth Circuit in

Flowers, "The express language of § 2520 is . . . not susceptible to a construction which would

3

AUG 27 2003  3:15 PM FR QUERREY & HARROW 16FL40 0578 ,O 5505#65660000#14 P.07

provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." Id. at 589. After the Fourth Circuit's decision in Flowers, the statute was amended to broaden its scope somewhat. Though the Amato court believed Flowers' logic "has not been affected by subsequent statutory amendments," Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4, other courts have disagreed. See Oceanic Cablevision, Inc. v. M.D. Elec., 771 F. Supp. 1019, 1028 (D. Neb. 1991) ("the 1986 amendments to § 2512 extended the statute's scope").

While Defendant's argument is compelling and not without support, the Court does not accept the proffered interpretation of the statute. In this Court's view, 18 U.S.C. § 2520 establishes a standing requirement to initiate suit and identifies the appropriate defendants. In order to initiate a civil action under this statute, the plaintiff must prove that it is a "person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a). If the plaintiff can meet that standing threshold, it can then pursue relief from the appropriate defendant (i.e. "the person or entity . . . which engaged in the violation," 18 U.S.C. § 2520(a)) for a violation of any of the subsections of Chapter 119 of Title 18 of the U.S. Code.[1]

This Court does not stand alone. Several other courts to consider this same issue have concluded that 18 U.S.C. § 2520(a) does provide a private right of action for violations of 18 U.S.C. § 2512. See Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019, 1027–29 (D. Neb. 1991) (holding that plaintiff stated a cause of action under § 2520 for a violation of § 2512); Directv, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002) (same).

---

[1] Chapter 119 of Title 18 covers sections 2510–2522.

4

While this interpretation does provide a rather broad ability to bring the private right of action, granting this right of action decreases the burden on already overextended federal prosecutors to pursue criminal convictions under this statute. Moreover, potential plaintiffs whose electronic communications are being intercepted are equipped with the incentives to initiate litigation to protect their private interests. Granting that class of plaintiffs a broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for devices to intercept electronic communications.

## CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion to Dismiss Count III is denied.

Enter:

David H. Coar
**United States District Judge**

**Dated: August 27, 2003**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECTV, Inc.,                          )
                                        )   No. 03 C 3504
                    Plaintiff,          )
                                        )   HONORABLE DAVID H. COAR
        v.                              )
                                        )
FERMIN PEREZ, et al.                    )
                                        )
                                        )
                    Defendants.         )

### MEMORANDUM OPINION AND ORDER

Plaintiff DIRECTV, Inc., has sued Defendant Fermin Perez and others for violations of,

among other statutes, provisions of 18 U.S.C. § 2512 under 18 U.S.C. § 2520. Defendant Perez

has moved to dismiss Count III of the Complaint for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6). The parties have briefed the issue fully and it is now ripe for decision.

### Factual and Procedural Background

On May 22, 2003, Plaintiff Directv, Inc. ("Plaintiff" or "Directv") filed a five count

complaint in this Court against all Defendants. In general terms, the Complaint charges the

defendants with using pirate materials to intercept satellite signals that are intended solely for

Plaintiff's paying customers. Count III, which Defendant Perez seeks to dismiss here, alleges

that defendants knowingly possessed, manufactured, or assembled devices primarily useful for

surreptitious interception of electronic communication that had been sent through the mail in

violation of 18 U.S.C. § 2512. Count III also incorporates by reference the earlier allegations that

the defendants intercepted, disclosed, and/or intentionally used Plaintiff's electronic

1

communications.

The Court accepts the well-pleaded allegations of the Complaint as true on a Motion to Dismiss. In his Motion, Defendant Perez wisely does not seek to challenge the facts in the Complaint. Instead, Perez' Motion to Dismiss rests solely on the argument that, as a matter of law, 18 U.S.C. § 2520 does not support a civil cause of action for violations of 18 U.S.C. § 2512. As with all motions to dismiss, it will only be granted if the facts as alleged would not entitle the plaintiff to relief.

The statute under which this lawsuit is filed is somewhat unusual. Ordinarily, the task of policing violations of the federal criminal code is the exclusive province of the U.S. Attorney's Office. In some areas, though, Congress determines that it is appropriate to provide the opportunity for aggrieved parties to redress their grievances without regard to criminal prosecution. This statute provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to seek damages from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a).

The Defendant's position is that the first clause of § 2520(a) which mentions "intercept[ion], disclos[ure], or intentional use[]" of the electronic communication limits the private right of action to violations of those portions of the chapter which prohibit interception, disclosure, or intentional use. Since § 2512 does not prohibit interception, disclosure, or intentional use of electronic communications, under Defendant's interpretation, a private right of action could not stand based on this section of the chapter.

Defendant seeks support in an unpublished order in litigation from the Middle District of

2

Florida. See Directv, Inc. v. Thacker. No. 6:03-cv-239-Orl-28DAB (M.D. Fla. Apr. 15, 2003) (order dismissing complaint under 18 U.S.C. §2512 without prejudice) (attached to Def. Mot. Dismiss). The order in that case does not support Defendant's position, though, as it dismissed the complaint with leave to amend due to a pleading defect. There are two soon to be published cases that do support the Defendant's position. See Directv, Inc. v. Cardona, — F. Supp. 2d —, 2003 WL 21910578, at *7 (M.D. Fla. July 8, 2003); Directv, Inc. v. Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4 (E.D. Va. June 20, 2003). In Cardona, the court unambiguously held that civil liability under 18 U.S.C. § 2520 is limited to "persons who intercept, disclose, or use electronic communications; that class of persons does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters." Cardona, — F. Supp. 2d —, 2003 WL 21910578, at *7. Similarly, in Amato, the Court dismissed a complaint under 18 U.S.C. § 2512 because there is no rationale for private recovery for possession. Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4 ("mere *possession* of [] a device, as banned by § 2512, creates no individualized harm and, thus, no justification for private recovery").

Amato relied on an older case, Flowers v. Tandy Corp., 773 F.2d 585 (4th Cir. 1985), to support its conclusion. In Flowers, the Fourth Circuit vacated a jury verdict holding the defendant civilly liable under 18 U.S.C. § 2520 for a violation of 18 U.S.C. § 2512. The Fourth Circuit noted that it was error to "permit[] the jury to consider . . . 18 U.S.C. § 2512 as a basis for imposing civil liability." Flowers, 773 F.2d 585, at 588. According to the Fourth Circuit in Flowers, "The express language of § 2520 is . . . not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." Id. at 589. After the Fourth Circuit's

decision in Flowers, the statute was amended to broaden its scope somewhat. Though the Amato

court believed Flowers' logic "has not been affected by subsequent statutory amendments,"

Amato, — F. Supp. 2d —, 2003 WL 21537206, at *4, other courts have disagreed. See Oceanic

Cablevision, Inc. v. M.D. Elec., 771 F. Supp. 1019, 1028 (D. Neb. 1991) ("the 1986 amendments

to § 2512 extended the statute's scope").

While Defendant's argument is compelling and not without support, the Court does not

accept the proffered interpretation of the statute. In this Court's view, 18 U.S.C. § 2520

establishes a standing requirement to initiate suit and identifies the appropriate defendants. In

order to initiate a civil action under this statute, the plaintiff must prove that it is a "person whose

wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation

of this chapter." 18 U.S.C. § 2520(a). If the plaintiff can meet that standing threshold, it can

then pursue relief from the appropriate defendant (i.e. "the person or entity . . . which engaged in

the violation," 18 U.S.C. § 2520(a)) for a violation of any of the subsections of Chapter 119 of

Title 18 of the U.S. Code.[1]

This Court does not stand alone. Several other courts to consider this same issue have

concluded that 18 U.S.C. § 2520(a) does provide a private right of action for violations of 18

U.S.C. § 2512. See Oceanic Cablevision, Inc. v. M.D. Electronics, 771 F. Supp. 1019, 1027–29

(D. Neb. 1991) (holding that plaintiff stated a cause of action under § 2520 for a violation of §

2512); Directv, Inc. v. EQ Stuff, Inc., 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002) (same).

While this interpretation does provide a rather broad ability to bring the private right of action,

granting this right of action decreases the burden on already overextended federal prosecutors to

---

[1]Chapter 119 of Title 18 covers sections 2510–2522.

4

pursue criminal convictions under this statute. Moreover, potential plaintiffs whose electronic communications are being intercepted are equipped with the incentives to initiate litigation to protect their private interests. Granting that class of plaintiffs a broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for interception of electronic communications.

## CONCLUSION

For the reasons set forth in this opinion, Defendant's Motion to Dismiss Count III is denied.

Enter:

David H. Coar
United States District Judge

Dated: August 27, 2003

*9/17/03*



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 1 7 2003

DAVID J. MALAND, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 6:03CV245 |
| RYAN PENCE, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

     The Plaintiff filed the above-styled lawsuit on May 22, 2003, alleging violations of the Cable Communications Policy Act of 1984 (47 U.S.C. § 521, et seq.), the Electronic Communications Policy Act of 1986 (18 U.S.C. § 2510, et seq.) and Texas law for alleged illegal interception of its satellite programming signals. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636.

     On August 6, 2003, Defendant John Wiggins, proceeding pro se, filed a Rule 12(b)(6) Motion to Dismiss (docket #14). Wiggins alleges that the Plaintiff's claim pursuant to 18 U.S.C. § 2512 should be dismissed for failure to state a claim. Wiggins argues that § 2512 is a criminal statute that does not provide a private cause of action.

     The Plaintiff filed a response on August 21, 2003. The Plaintiff argues that the possession, manufacture or assembly of illegally modified satellite television de-scramblers – such as the Pirate Access Device allegedly purchased by Wiggins – is a violation of § 2512. The Plaintiff further argues that 18 U.S.C. § 2520 confers a private right of action for violations of § 2512 to persons whose communications have been intercepted, disclosed or intentionally used.

N:\Civil\Referrals\Directv - motion to dismiss 6.03cv245.wpd       Page 1 of 5

*Discussion*

Dismissal for failure to state a claim is appropriate when it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5ᵗʰ Cir. 1998). The pleadings on their face must reveal beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Garrett v. Commonwealth Mortgage Corp. of America*, 938 F.2d 591, 594 (5ᵗʰ Cir. 1991).

In the original complaint, the Plaintiff alleges that Wiggins, on or about May 21, 2001, purchased a "Terminator Typhoon Multi Purpose," which is allegedly a multi-purpose device designed to be used as a programmer, an unlooper and a T5 loader. The Plaintiff alleges that this multi-purpose device was shipped to Wiggins through either the United States Postal Service or a commercial mail carrier and enabled Wiggins to obtain illegal access to DIRECTV programming without payment.

Title 18, United States Code, Section 2512(b) provides a criminal penalty for anyone who intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce." Pursuant to 18 U.S.C. § 2520, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged

N:\Civ\JVReferrals\Directv - motion to dismiss 6.03cv245.wpd

Page 2 of 5

in that violation such relief as may be appropriate."[1]  "[T]his chapter," as used in § 2520 is Chapter

119, which includes § 2512.[2]  Therefore, § 2520 provides a private cause of action for violations of

§ 2512 for someone whose communications have been intercepted, disclosed or intentionally used.

Although the issue has not been directly addressed by the Fifth Circuit, many courts have

held that, to the extent a plaintiff alleges that its communications were intercepted, disclosed or

intentionally used in violation of Chapter 119, a plaintiff has a private cause of action for conduct

that allegedly violates § 2512. See, e.g., *DIRECTV, Inc. v. Gatsiolis*, ___ F.Supp.2d ___, 2003 WL

22111097 (N.D.Ill. Sept. 10, 2003); *DIRECTV, Inc. v. Perez*, ___ F.Supp.2d ___, 2003 WL

22038403 (N.D.Ill. Aug. 27, 2003); *DIRECTV, Inc. V. Cardona*, ___ F.Supp.2d ___, 2003 WL

21910578 (M.D.Fla. July 8, 2003); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077, 1084

(C.D. Ca W. Div. May 8, 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F.Supp. 1019,

1022 (D.Neb. Feb. 8, 1991).  On the other hand, the mere possession of "pirating" equipment is not

itself enough to support a private cause of action, even though it may establish a violation of the

criminal statute, because § 2520 only gives a cause of action to those whose protected

communications have been intercepted, disclosed or intentionally used. *DIRECTV, Inc. v. Childers*,

___ F.Supp.2d ___, 2003 WL 21782295 (M.D.Ala. July 29, 2003).

Wiggins relies on two cases in urging this Court to dismiss the Plaintiff's § 2512 claim –

*DIRECTV, Inc. v. Karpkinsky*, 269 F.Supp.2d 918 (E.D.Mich. June 17, 2003) and *DIRECTV, Inc.*

---

[1]Except as provided in section 2511(2)(a)(ii), which narrowly allows the interception of
wire, oral or electronic communications when ordered by court order or when there is a proper
certification by the Attorney General of the United States that no warrant or court order is
required by law.

[2]Chapter 119 – Wire and Electronic Communications Interception and Interception of
Oral Communications – includes §§ 2510 through 2522.

*v. Amato*, 269 F.Supp.2d 688 (E.D.Va. June 20, 2003). The district court in *Karpinsky* granted a motion for reconsideration and vacated the summary judgment decision relied upon by Wiggins. *DIRECTV, Inc. v. Karpinsky*, ___ F.Supp.2d ___, 2003 WL 21782351 (E.D.Mich. July 31, 2003). Moreover, the *Amato* decision is not persuasive because the district court in that case relied upon a Fourth Circuit case that was decided prior to amendments to § 2520 that broadened its scope and the case did not involve the use or interception of a protected communication.[3] See *DIRECTV, Inc. v. Gatsiolis, supra*, slip op. p. 2; *DIRECTV, Inc. v. Perez, supra*, slip op. p. 2.

In this case, the Plaintiff alleges more than mere possession of the alleged pirating equipment. The Plaintiff alleges that Wiggins used the equipment to illegally intercept its satellite programming, which states a violation of 18 U.S.C. § 2512 and a claim pursuant to 18 U.S.C. § 2520. Wiggins has not shown, based upon the pleadings, that the Plaintiff can prove no set of facts entitling it to relief. *Garrett v. Commonwealth Mortgage Corp. of America*, 938 F.2d at 594. The Motion to Dismiss should therefore be denied.

### Recommendation

It is recommended that Defendant's Motion to Dismiss (docket #14) be denied.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain

---

[3] *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir.1985).

N:\Civil\Referrals\Directv - motion to dismiss 6.03cv245.wpd                    Page 4 of 5

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.*, 79 F.3d 1415,

1430 (5th Cir. 1996) (*en banc*).

SIGNED and ORDERED this _____ day of September, 2003.


_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE