IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., <br> Plaintiff | § § § | |
| V. | § § | CIVIL ACTION 03-094 |
| ISMAEL LOZANO, ET AL. <br> Defendants | § § § | |

United States District Court
Southern District of Texas
FILED

MAR 1 5 2004

Michael N. Milby
Clerk of Court

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
## AND DEFAULT JUDGMENT AGAINST DEFENDANT, ISMAEL LOZANO

Plaintiff, DIRECTV, Inc. ("DIRECTV"), moves for judgment by default against Defendant, ISMAEL LOZANO ("Defendant"), as authorized by Rule 55 of the Federal Rules of Civil Procedure.

### I. INTRODUCTION

DIRECTV filed this lawsuit against Defendant for violations of 47 U.S.C. § 605(a) and (e)(4), violations of 18 U.S.C. § 2511 and § 2512, and for civil conversion. Defendant ISMAEL LOZANO was served with a copy of DIRECTV's complaint and summons on January 8, 2004. Proof of service on Lozano was filed with the court on January 14, 2004. Defendant has not filed a responsive pleading or otherwise acted to defend the lawsuit. DIRECTV is therefore entitled to default judgment.

### II. PROCEDURAL FACTS SUPPORTING DEFAULT

DIRECTV brought this lawsuit against Defendant for damages for violations of the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, *et seq.*, violations of 18 U.S.C. § 2511 and § 2512 and as an action for declaratory and injunctive relief for the improper receipt, transmission, and exhibition of satellite programming signals in violation of each of these statutes.

DIRECTV commenced the instant lawsuit by filing its Original Complaint on May 23, 2003 in DIRECTV vs. ISMAEL LOZANO, et. al., *Cause No 03-CV-094*. Defendant

was personally served with Summons and on January 8, 2004. Proof of service of the summons and complaint was filed with this court on January 14, 2004.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant's answer was due on or before January 28, 2004. A default judgment may be obtained against a party who has not filed a responsive pleading or otherwise defended the suit within the time allowed and when the affirmative relief sought is a calculable sum certain. FED. R. CIV. P. 55(a) and (b)(1). To date, Defendant has failed or refused to file an answer or other pleading responsive to DIRECTV's Complaint. Thus, default judgment is appropriate. See Fed. R. Civ. P. 12(a)(1)(A). Furthermore, Defendant is not a member of the United States military. See Exhibit "A". Damages are liquidated in this case as they are based on minimum statutory award of $10,000.00 due to Defendant's conduct as alleged in DIRECTV's Complaint. Thus, this Court may enter default and default judgment against Defendant, Ismael Lozano.

### III. ARGUMENT IN SUPPORT OF DEFAULT JUDGMENT AWARD

#### A. Pursuant to 47 U.S.C. § 605, and 18 U.S.C.§ 2512 this Court May Award DIRECTV Full Statutory Damages And Full Costs, Including Mandatory Attorneys' Fees

This lawsuit involves violations of the Cable Communications Policy Act of 1984, as amended, 47 U.S.C. § 605 (the "Communications Act"), 18 U.S.C. § 2511 and 2512 (the "Surreptitious Interception Act"), and violations of state law. DIRECTV complains of Defendant's violations of section (e)(4) of the Communications Act by modifying or assembling devices primarily of assistance in the unauthorized decryption of satellite programming. Moreover, DIRECTV complains that Defendant assembled or possessed at least one device shipped to Defendant through the mail and knew that the design of such device renders it primarily useful for the purpose of surreptitious interception of DIRECTV's wire and electronic communications in violation of section 2512(1)(b) of the

Surreptitious Interception Act. Based on Defendant's conduct, DIRECTV is entitled to a minimum statutory award of $10,000.00.

Subsection (e) of the Communications Act (47 U.S.C. § 605) provides DIRECTV its civil remedies in this case and states, in pertinent part, that an aggrieved party such as DIRECTV may recover the following damages as a result of the unauthorized publication or use of satellite programming communications:

> "(e)(3)(C)(i)(II) . . . for each violation of [paragraph (e)(4)] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just . . . ."
>
> (e)(3)(B)(iii) the court *shall* direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

*See* 47 U.S.C. § 605(e)(3). Further, 18 U.S.C. § 2520 provides that the Court may award to a complaining party damages against a Defendant for conduct prohibited by the Surreptitious Interception Act as follows:

> " . . . . statutory damages of *whichever is greater* of $100 per day for each violation or $10,000 . . . ." (18 U.S.C. § 2520(c)(2)(B));
>
> " . . . . punitive damages in appropriate cases . . . ." (18 U.S.C. § 2520(b)(2)), and
>
> " . . . . reasonable attorneys' fees and other litigation costs reasonably incurred." (18 U.S.C. § 2520(b)(3)).

As properly pled in DIRECTV's Complaint, Defendant committed at least one willful statutory violation of 47 U.S.C. § 605(e)(4) and at least one statutory violation of 18 U.S.C. § 2512. As such, this Court is authorized to award, and DIRECTV is entitled to receive, statutory damages determined by the Court in the amount of:

> no less than $10,000 or more than $100,000.00, for the violation of 47 U.S.C. § 605(e)(4); or

full statutory damages in an amount no less than $10,000 for each violation of 18 U.S.C. § 2512.

Under either federal statute, this Court may award DIRECTV no less than $10,000.00 in damages. Moreover, for violations of the Communications Act and the Surreptitious Interception Act, DIRECTV is entitled to full costs in the amount of $587.00 and reasonable attorneys' fees in the amount of $1712.00, as set forth in the accompanying Exhibit "B" and post judgment interest as provided by law.

### B. This Court Should Permanently Enjoin Defendant From Committing Or Assisting In The Commission Of Any Violation Of 47 U.S.C. § 605 or 18 U.S.C. §§ 2511 and 2512

DIRECTV requests injunctive relief under the express provisions of the Communications Act and the Surreptitious Interception Act. The Communications Act provides as follows:

> "(e)(3)(B)(i) The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of [the Communications Act]."

*See* 47 U.S.C. § 605(e)(3)(B)(i). The pertinent language under section 2520 of 18 U.S.C. provides that the Court may award, "such preliminary and other equitable or declaratory relief as may be appropriate." *See* 18 U.S.C. § 2520(b)(1). Accordingly, this Court is authorized to permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605, or violations of 18 U.S.C. § 2511 or § 2512, and should do so to prevent such violations.

### IV. CONCLUSION

For the reasons set forth above, DIRECTV respectfully requests that this Court: (1) award to DIRECTV full statutory damages in the amount of $10,000.00, plus full costs in the amount of $587.00 and attorneys' fees in the amount of $1712.00; (2) permanently enjoin Defendant from committing or assisting in the commission of any violation of 47 U.S.C. § 605 or 18 U.S.C. § 2511 or § 2512; and (3) grant DIRECTV such other and further relief as this court deems equitable, just and proper.

## V. Prayer

For these reasons, Plaintiff, DIRECTV, Inc., respectfully requests the Court to enter a default judgment in favor of Plaintiff against Defendant ISMAEL LOZANO in the amount of $10,000.00, plus cost of court, attorneys' fees, post judgment interest as allowed by law, and any other relief to which Plaintiff may show itself entitled.

DATED: March 15, 2004

                                      Respectfully submitted,

                                      RODRIGUEZ, COLVIN, CHANEY
                                      & SAENZ, L.L.P.

                                      By: _____
                                          Lecia L. Chaney
                                          State Bar No. 00785757
                                          Fed. I.D. #16499

                                      1201 E. Van Buren St.
                                      P.O. Box 2155
                                      Brownsville, Texas 78522
                                      Telephone: (956) 542-7441
                                      Telefax    : (956) 541-2170

OF COUNSEL:

GREER, HERZ & ADAMS, LLP

**Joe A.C. Fulcher**
Federal ID No. 14126
St. Bar No. 07509320
**Kelly-Ann F. Clarke**
Federal ID No. 27195
St. Bar No. 24027929
**Robert A. Swofford**
Federal ID No. 19403
St. Bar No. 00791765
**Joseph R. Russo, Jr.**
Federal ID No. 22559
St. Bar No. 24002879
One Moody Plaza, 18th Floor
Galveston, Tx 77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

I certify that on the **15** day of March, 2004, a copy of Plaintiff's Motion For Default Against Ismael Lozano was served on the following persons by certified mail, return receipt requested:

>   Ismael Lozano
>   244 Boca Chica Blvd
>   Brownsville, TX 78521
>
>   Eric Solis
>   1221 E. Harrison
>   Harlingen, TX 78550

*Lecia Chaney*

# AFFIDAVIT OF NON-MILITARY STATUS

THE STATE OF TEXAS §
COUNTY OF _Hidalgo_ §
§

**BEFORE ME**, the undersigned authority, on this day personally appeared _Luis A. Saenz_ a person having knowledge of the matters hereinafter set forth and who is personally known to me and first being duly sworn according to law, upon his oath deposed and said:

My name is _Luis A. Saenz_. I am over eighteen (18) years of age, I reside in _Hidalgo_ County, _Texas_. I have never been convicted of a felony, and I am fully competent to make this Affidavit. I have personal knowledge of the facts stated herein, and they are all true and correct.

_Ismael Lozano_ is not in the military services as a member of the Armed Forces of the United States of America. On _01-08-04_, ~~2002~~, I:

___ personally spoke to _____ and he/she indicated that he/she is not in the military services as a member of the Armed Forces of the United States of America;

_X_ personally spoke to _Socorro Lozano - Mother_ who indicated that they personally know _Ismael Lozano_ and that (he/she) is not in the military services as a member of the Armed Forces of the United States of America;

_____
_____
_____

[If other, please explain facts showing non-military status]

_Luis A. Saenz_
_Luis A. Saenz_ [Printed Name of Affiant]

SUBSCRIBED AND SWORN TO BEFORE ME, on this the _9th_ day of _January_, ~~2003~~ 2004, to certify which witness my hand and official seal.

ZITA MORENO
Notary Public, State of Texas
My Commission Expires
June 21, 2006

_Zita Moreno_
NOTARY PUBLIC in and for
The State of Texas



| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF CAMERON** | § |

### AFFIDAVIT OF LECIA L. CHANEY, IN SUPPORT OF DEFAULT

BEFORE ME, the undersigned authority, on this day personally appeared Lecia L. Chaney, who is personally known to me, and being first duly sworn according to law, upon her oath, deposed and said:

"My name is Lecia L. Chaney. I am over eighteen (18) years of age and reside in Cameron County, Texas. I have been licensed to practice law in the State of Texas since 1993 and am currently practicing law throughout the State of Texas and in federal courts within the United States. I am familiar with the usual, customary and reasonable legal fees for suits of this type. I am an attorney with the law firm of Rodriguez, Colvin, Chaney & Saenz, L.L.P. and act as attorney for DIRECTV, Inc. ("DIRECTV"), in this lawsuit. As attorney for DIRECTV, I, or someone at my direction, performed the following in this cause: reviewed the file, including all correspondence between the parties and the claims file and prepared DIRECTV's Complaint, contacted defendant regarding allegations of this case and process, prepared and filed the Motion for Default & Default Judgment and affidavits, and Order on Default Judgment.

"Based upon my review of the file, DIRECTV has incurred and been billed $1712.00 in attorney's fees related to the prosecution of this case against ISMAEL LOZANO. To date, DIRECTV has also paid total of $587.00 for costs associated with the prosecution of this action against ISMAEL LOZANO. The attorney's fees and costs incurred to date are reasonable and necessary for the proper prosecution of this action.

"Additionally, DIRECTV should be awarded minimum statutory damages of $10,000 for the violation of 47 U.S.C. §605 and 18 U.S.C. §2511 and §2512 as alleged in



the Complaint. Therefore, I respectfully request that Plaintiff, DIRECTV, Inc. be awarded $12,299.00 in damages.

"Moreover, I respectfully request that, from this time forward, ISMAEL LOZANO be permanently enjoined from committing or assisting in commission of any violation of the Cable Communications Policy Act of 1934, as amended, 47 U.S.C. §605 and 18 U.S.C. §§2511 or §2512."

FURTHER, AFFIANT SAITH NOT.

_____
Lecia L. Chaney

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 10th day of March, 2004, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC in and for
The State of Texas

LUPITA ROCHA
Notary Public, State of Texas
My Commission Expires
May 21, 2005